UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
NO: 3:11-cv-142-S

|  |  |
|---|---|
| TYSON MIMMS, <br><br> Plaintiff, <br><br> v. <br><br> A&E TELEVISION NETWORKS, LLC and ITV STUDIOS, INC. <br><br> Defendants. | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ITV STUDIOS, INC.** <br><br> *Electronically Filed* |

For its Answer and Affirmative Defenses to plaintiff Tyson Mimms' First Amended Complaint (the "Complaint"), defendant ITV Studios, Inc. ("ITV"), by and through its undersigned counsel, states the following:

### I. PARTIES

1. ITV denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. ITV denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. ITV admits that it is a California corporation in good standing and that it maintains offices at 15302 Ventura Blvd., Building C., Suite 800, Sherman Oaks, CA 91403. ITV denies the balance of the allegations contained in Paragraph 3 of the Complaint.

### II. JURISDICTION AND VENUE

4. ITV lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first two clauses of Paragraph 4 of the Complaint, and denies the balance of the allegations contained in said Paragraph.

5. ITV denies the allegations contained in Paragraph 5 of the Complaint.

## III. FACTS

6. ITV lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. ITV admits the allegations contained in Paragraph 7 of the Complaint.

8. ITV admits the allegations contained in Paragraph 8 of the Complaint.

9. ITV admits that Episode 148 (incorrectly identified as Episode 160) of The First 48, titled "Eye for an Eye/Dead End," (the "Subject Episode") first aired on or about April 1, 2010, and denies the balance of the allegations in Paragraph 9 of the Complaint.

10. ITV admits the allegations contained in Paragraph 10 of the Complaint.

11. ITV avers that the content of the Subject Episode speaks for itself. ITV admits that an individual with a damaged eye, later identified as Tyson Mimms, was identified as the main suspect in the shooting death of Mr. Smith, and that Mr. Mimms' full name and photograph, and portions of his police interrogation, were included in the Subject Episode. ITV denies the balance of the allegations contained in Paragraph 11 of the Complaint.

12. ITV avers that the content of the Subject Episode speaks for itself. ITV admits that the Subject Episode's title reflects the police department's belief that Mr. Mimms murdered Mr. Smith because Mr. Smith previously injured Mr. Mimms' eye. ITV denies the balance of the allegations contained in Paragraph 12 of the Complaint.

13. ITV admits that a producer of the First 48 requested that Mr. Mimms sign an appearance release, denies knowledge or information sufficient to form a belief as to whether that request appeared on a videotape of the interrogation, and denies the balance of the allegations in Paragraph 13 of the Complaint.

14. ITV admits that Mr. Mimms refused to sign an appearance release, and that Mr. Mimms' name and likeness appeared in the Subject Episode, and denies the balance of the allegations in Paragraph 14 of the Complaint. ITV fully avers that it was not necessary for Mr. Mimms to sign a release for his name and likeness to be used in the Subject Episode.

15. ITV admits the allegations contained in Paragraph 15 of the Complaint.

16. ITV denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17. ITV denies the allegations contained in Paragraph 17 of the Complaint, except admits that it is aware of a letter from Tyson Mimms to AETN dated February 15, 2011 purporting to demand a correction.

## IV. CAUSES OF ACTION

### Count 1 – Invasion of Privacy

18. ITV's responses to Paragraphs 1-17 are incorporated as if set forth fully herein.

19. ITV denies the allegations contained in Paragraph 19 of the Complaint.

20. ITV denies the allegations contained in Paragraph 20 of the Complaint.

21. ITV denies the allegations contained in Paragraph 21 of the Complaint.

22. ITV denies the allegations contained in Paragraph 22 of the Complaint.

### Count 2 – Defamation

23. ITV's responses to Paragraphs 1-22 are incorporated as if set forth fully herein.

24. ITV denies the allegations contained in Paragraph 24 of the Complaint.

25. ITV admits that the Subject Episode was published, and denies the balance of the allegations contained in Paragraph 25 of the Complaint.

26. ITV denies the allegations contained in Paragraph 26 of the Complaint.

27. ITV denies the allegations contained in Paragraph 27 of the Complaint.

28. ITV denies the allegations contained in Paragraph 28 of the Complaint.

## AFFIRMATIVE DEFENSES

The designation of the following as affirmative defenses should not be construed as any admission by ITV that the burden of proof in asserting such defenses falls on ITV. Rather, the burden of proof shall be determined according to the applicable legal standards. ITV reserves the right to supplement, amend, or modify these affirmative defenses, as appropriate, based on information obtained during the course of this litigation.

## FIRST AFFIRMATIVE DEFENSE

29. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

30. Any allegedly defamatory statement in the Episode was substantially true and therefore was absolutely protected under the First and Fourteenth Amendments to the U.S. Constitution, the Kentucky Constitution and Kentucky common law.

## THIRD AFFIRMATIVE DEFENSE

31. Any allegedly defamatory statement in the Episode is protected under the doctrine of fair report, and thus cannot give rise to any cause of action against Defendants.

## FOURTH AFFIRMATIVE DEFENSE

32. Plaintiff's defamation claim fails because any allegedly defamatory statement was not published with actual malice.

## FIFTH AFFIRMATIVE DEFENSE

33. Plaintiff's defamation claim fails because any allegedly defamatory statement was published without gross irresponsibility.

## SIXTH AFFIRMATIVE DEFENSE

849145_1.DOC
DWT 16944038v10 0069462-000046

34. Plaintiff's defamation claim fails because any allegedly defamatory statement was published without negligence.

### SEVENTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims fail because some or all of the challenged statements are constitutionally protected opinion.

### EIGHTH AFFIRMATIVE DEFENSE

36. Plaintiff's invasion of privacy claim fails because the Episode was newsworthy and related to a matter of public interest or public concern, and any challenged statements were published without actual malice.

### NINTH AFFIRMATIVE DEFENSE

37. Plaintiff's right of privacy claim fails because Defendants did not appropriate to their own use or benefit the reputation, prestige, or social or commercial standing of Plaintiff's name.

### TENTH AFFIRMATIVE DEFENSE

38. Plaintiff's invasion of privacy claim fails as duplicative of his defamation claim.

### ELEVENTH AFFIRMATIVE DEFENSE

39. Plaintiff's invasion of privacy claim fails because the publication of Plaintiff's picture was for an editorial, not advertising or commercial, purpose.

### TWELFTH AFFIRMATIVE DEFENSE

40. Plaintiff's invasion of privacy claim fails because the Episode revealed no intimate private fact of Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

5

41. Any allegedly defamatory statement in the Episode alleged to be untrue did not incrementally harm Plaintiff's reputation beyond the harm caused by the unchallenged remainder of the Episode.

### FOURTEENTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims for relief fail because he cannot show actual harm to his reputation.

### FIFTEENTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims for relief fail because the damages allegedly suffered were not proximately caused by Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

44. Plaintiff's claims for relief fail because any allegedly defamatory statement did not cause actual harm to Plaintiff's reputation in light of Plaintiff's previously diminished reputation.

### SEVENTEENTH AFFIRMATIVE DEFENSE

45. Plaintiff's claims for relief fail because the damages alleged are vague, uncertain, and speculative.

### EIGHTEENTH AFFIRMATIVE DEFENSE

46. Plaintiff's claims for relief fail because he did not suffer any compensable damages as a result of any actionable publication by Defendants.

### NINETEENTH AFFIRMATIVE DEFENSE

47. Plaintiff's claims for relief fail, in whole or in part, because of Plaintiff's failure to mitigate his alleged damages, if any.

### TWENTIETH AFFIRMATIVE DEFENSE

48. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

49. Plaintiff is not entitled to punitive damages because the Episode and any statements complained of involve a matter of public concern and any allegedly defamatory statement was not made with the requisite degree of fault, including actual malice.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

50. Plaintiff is not entitled to punitive damages because Defendants did not act with oppression, fraud, or malice.

WHEREFORE, ITV requests that this Court enter judgment in its favor and against Plaintiff, award it reasonable attorneys' fees, costs, and expenses and such other relief as this Court deems to be equitable and just.

Dated: Louisville, Kentucky
      May 3, 2011

                            Respectfully submitted,

                            DINSMORE & SHOHL LLP

                            /s/ Jon L. Fleischaker
                            Jon Fleischaker
                            Kenyon Meyer
                            101 S. Fifth Street
                            2500 National City Tower
                            Louisville, KY 40202
                            Tel: (502) 540-2319
                            Fax: (502) 585-2207
                            *Attorneys for ITV Studios, Inc. and AETN*

*Of Counsel*:

DAVIS WRIGHT TREMAINE LLP

Linda Steinman
Elisa L. Miller
1633 Broadway

7

New York, NY 10019
Tel: (212) 489-8230
Fax: (212) 489-8340

**CERTIFICATE OF SERVICE**

On the 3rd day of May, 2011, I electronically filed the foregoing document through the ECF system, which will send a notice of electronic filing to all participants appearing on the Panel Attorney Service List.

/s/ Jon L. Fleischaker
*Counsel for Defendants*