UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
NO: 3:11-CV-142-S

----------------------------------------------------------- x
TYSON MIMMS,                                              :
                                                          :
                    Plaintiff,                            :
                                                          :         **F.R.C.P. 16(F) CONFERENCE**
v.                                                        :                **STATEMENT**
                                                          :
A&E TELEVISION NETWORKS, LLC, and                         :         *Electronically Filed*
ITV STUDIOS, INC.                                         :
                                                          :
                    Defendants.                           x
-----------------------------------------------------------

**DEFENDANTS' SCHEDULING CONFERENCE STATEMENT**

Pursuant to the Court's Order dated May 19, 2011, defendants A&E TELEVISION NETWORKS, LLC and ITV STUDIOS, INC. (collectively, "Defendants") hereby submit this Statement in advance of the July 13, 2011 scheduling conference:

**I.   BRIEF SUMMARY OF THE ESSENTIALS OF THE CASE IN SIMPLE TERMS**

The action arises from a television program concerning the murder investigation into the 2009 homicide of Alfred Smith in Louisville. The program, *The First 48*, is a long-running series produced by Defendant ITV Studios, which airs on the A&E network. Producers for *The First 48* follow and film police departments as they investigate a murder. In the Alfred Smith police investigation, the Louisville police identified Tyson Mimms as a possible suspect, and he was eventually arrested and charged with the murder in or about July 2009.

Mr. Mimms alleges that the murder charges against him in connection with Mr. Smith's murder were dropped on March 31, 2010, approximately nine months after his indictment. He claims that the relevant episode of *The First 48*, which first aired on April 1, 2010, invaded his privacy by using his image without permission, and placed him in a false light and defamed him

by "indicating throughout the [episode] that Mr. Mimms murdered Mr. Smith" and by stating that Mr. Mimms was "charged with first degree murder and is currently awaiting trial."

Defendants deny Plaintiff's allegations.  *The First 48* accurately depicted the police's investigation into the Smith murder, including brief segments of Mr. Mimms' police interrogations in which he vehemently and consistently denied involvement in the murder, the department's difficulties finding an eyewitness that could indentify the suspect which delayed the investigation for several months, and the ultimate identification of Mr. Mimms by a man being charged with another crime.  At the conclusion of the episode, a title card appears on the screen indicating that Mr. Mimms had been charged with first degree murder, was awaiting trial, and was "innocent until proven guilty."  Although Mr. Mimms was aware of the filming of the show, he did not alert Defendants that the charges against him had been dropped until shortly before the filing of the Complaint in March 2011.  The episode has not aired since that time.

Plaintiff's claims are without merit.  First, *The First 48*'s use of Mr. Mimms' name and likeness was for an editorial and newsworthy purpose, and was not a "commercial use" as required to state a claim for misappropriation/invasion of privacy.  As for his defamation and false light claims, the episode is substantially true, and is also protected by the "fair report" privilege.  Mr. Mimms does not dispute that the depiction of the police's investigation was accurate and that he was, indeed, charged with Mr. Smith's murder.  Nothing in the episode concludes that Mr. Mimms is guilty – only that he was the charged suspect.  That the charges were dropped while the police continue to search for supporting evidence (no one else has been charged with the crime) is irrelevant to a determination of whether, at the time of production, the episode was accurate.  Further, Plaintiff will be unable to show the requisite degree of "fault" on the part of Defendants.  Moreover, Plaintiff's false light claim is duplicative of the defamation

2

claim and hence not actionable. Further, Plaintiff – who has a lengthy criminal record and no employment history – cannot show harm to his reputation or loss of income. And even assuming, *arguendo*, that Mr. Mimms' reputation has suffered, he could not show that such loss was a result of *The First 48*, as opposed to a result of his having been charged with Mr. Smith's murder, charges that were pending for approximately nine months before dismissal and that were covered by numerous local television stations and thus well-known to the public independent of *The First 48*.

## II. DEFENDANTS' POSITION ON THE AGENDA ITEMS

### A. Formulation and Simplification of the Issues

1. Is *The First 48*'s depiction of Mr. Mimms a commercial use of his identity, such that his permission was necessary to show his face in the episode?

2. Was *The First 48* substantially true at the time of publication?

3. Can Plaintiff show that the Defendants acted with the requisite degree of "fault" to support a defamation or false light claim?

4. Has Mr. Mimms' reputation been harmed as a result of *The First 48*, and does he have any damages attributable to the episode?

### B. Admissions of Fact, Stipulations, and Avoidance of Cumulative Evidence

Defendants believe that the parties should be able to stipulate to the dates of airing of the episode, the contents of the episode, the fact that the charges against Mr. Mimms were dropped and the date on which the charges were dropped. Certain additional facts may be amenable to admission or stipulation; however discovery has not progressed to the point at which those determinations can be made. Defendants deny that *The First 48* violated any of Plaintiff's rights. Defendants deny any liability in this matter.

    C.  <u>Consideration of the Discovery Plan and Review of the Automatic Initial Required Disclosures</u>

The parties have agreed to a discovery plan that is memorialized in the Rule 26(f) Report of the Parties' Planning Meeting, filed herewith.

    D.  <u>The Possibility of Settlement or Use of Alternative Methods of Dispute Resolution, Including Mediation</u>

Defendants believe that settlement of this matter is possible, and the parties have had initial settlement discussions. Defendants are open to a settlement conference with the Magistrate, or mediation, if such discussions prove unsuccessful.

    E.  <u>The Need to Adopt Special Procedures for Managing Potentially Difficult or Complex Issues</u>

Defendants do not believe any special procedures are necessary in this matter.

## III. DEFENDANTS' SUGGESTIONS TO FACILITATE A JUST, SPEEDY, AND INEXPENSIVE DISPOSITION OF THIS MATTER

Defendants believe that the schedule proposed in the parties' Rule 26(f) Report of the Parties' Planning Meeting sets forth an efficient timeline for this matter.

Dated: Louisville, Kentucky
       July 6, 2011

                                              Respectfully submitted,

                                              DINSMORE & SHOHL LLP

                                              <u>/s/ R. Kenyon Meyer</u>
                                              Jon Fleischaker
                                              R. Kenyon Meyer
                                              2500 National City Tower
                                              101 S. Fifth Street
                                              Louisville, KY 40202
                                              Tel: (502) 540-2300
                                              Fax: (502) 585-2207
                                              *Attorneys for ITV Studios, Inc. and AETN*

*Of Counsel*:

DAVIS WRIGHT TREMAINE LLP

Linda Steinman
Elisa L. Miller
1633 Broadway
 New York, NY  10019
Tel:  (212) 489-8230
Fax:  (212) 489-8340

## CERTIFICATE OF SERVICE

On the 6th day of July, 2011, I electronically filed the foregoing document through the ECF system, which will send a notice of electronic filing to all participants appearing on the Panel Attorney Service List.

/s/ R. Kenyon Meyer
*Counsel for Defendants*