UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
NO. 3:11-CV-142-CRS

| | |
|---|---|
| TYSON MIMMS ) | |
| ) | |
| *Plaintiff* ) | |
| v. ) | |
| ) | "*Electronically Filed*" |
| ) | |
| A&E TELEVISION NETWORKS, LLC ) | |
| ) | |
| *Defendant* ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

**PLAINTIFF'S SCHEDULING CONFERENCE STATEMENT**

The Plaintiff, Tyson Mimms, by and through counsel, and pursuant to the Court's Order dated May 19, 2011, states as follows:

**I.   A Brief Summary of the Essentials of the Case in Simple Terms**

This is a defamation and invasion of privacy action that arises out of Episode 148 of "The First 48" ("the Subject Episode"). The Subject Episode was produced by Defendant ITV Studios, Inc. and aired on a cable television network operated by Defendant A&E Television Networks, LLC. The Subject Episode revolved around the investigation into the shooting death of Alfred Smith, and specifically into the Louisville Metro Police Department's investigation into Plaintiff Tyson Mimms.

Throughout the Subject Episode, Mr. Mimms was repeatedly portrayed as the murderer of Alfred Smith. By way of example only, the Subject Episode contains footage of an investigating police officer explicitly telling Mr. Mimms that "you ambushed [Mr. Smith]", and an alleged eyewitness identifying Mr. Mimms as the murderer of Mr. Smith. As further example of the Subject Episode's inaccurate portrayal of Mr. Mimms as a murderer, the title of the

Subject Episode is "Eye For An Eye", which reflects an investigating officer's mistaken belief that Mr. Mimms murdered Mr. Smith because Mr. Smith previously injured Mr. Mimms' eye.

Following at least one interrogation session that was featured on the Subject Episode, a First 48 producer repeatedly requested that Mr. Mimms sign a consent form to appear on the show.  Mr. Mimms refused these numerous requests.  **The conduct of the producer is particularly egregious given the fact that Mr. Mimms was released immediately after it became apparent that he would not sign the consent form, but was handcuffed to a wall for over ten minutes while a producer attempted to convince Mr. Mimms to sign the consent form.**  At the end of the Subject Episode, Mr. Mimms is arrested and charged with first-degree murder.  Mr. Mimms, however, did not murder Mr. Smith, and on March 31, 2010, before the Subject Episode initially aired, all charges against Mr. Mimms were dismissed due to a lack of evidence.

Although the Subject Episode is no longer airing on A&E, it continues to air in its original, unaltered form on www.netflix.com.  Notably, as of July 6, 2011, the text that appears at the end of the show on www.netflix.com states that "Tyson Mimms has been charged with first-degree murder and is currently awaiting trial."  There is no genuine dispute that this statement is false.

Unfortunately, the repeated publication of the Subject Episode had a drastic affect on Mr. Mimms' life.  Mr. Mimms resides in a very close-knit community, and word travels quickly when someone commits a major crime.  Mr. Mimms has been unable to obtain a job since being released from prison in 2010, despite applying for a number of positions.

On March 8, 2011, Mr. Mimms brought the instant action against Defendant A&E Television Networks, LLC, and filed an Amended Complaint on March 18, 2011 that asserts

claims against Defendant ITV Studios, Inc. Specifically, Mr. Mimms alleges that the Defendants committed the torts of invasion of privacy and defamation by their production and airing of the Subject Episode.

## II.     Plaintiff's Position on the Various Agenda Issues

### 1.     Formulation and Simplification of the Issues

Plaintiff believes that this is a fairly simple case with fairly simple issues in dispute. Specifically, the Court will consider 1) the viability of Mr. Mimms' defamation claim, 2) the viability of Mr. Mimms' false light claim, 3) the viability of any of the affirmative defenses that the Defendants may choose to argue, and 4) the extent of damages incurred by Mr. Mimms as a result of the Subject Episode.

### 2.     Admissions of fact, stipulations, and avoidance of cumulative evidence.

It is anticipated that the parties can stipulate to the content of the Subject Episode, the dates on which the Subject Episode was aired, the fact that Mr. Mimms did not consent to his appearance on the Subject Episode, and Mr. Mimms' criminal history, including the fact that the charges referenced in the Subject Episode were ultimately dismissed. It is unclear what other items can be agreed to at this stage of the proceedings.

### 3.     Consideration of the discovery plan and review of the automatic initial required disclosures.

The parties have agreed to a discovery plan and deadline for filing initial disclosures. Defendants filed this discovery plan on July 6, 2011 as docket entry 15.

### 4.     The possibility of settlement or the use of alternative methods of dispute resolution, including mediation.

The parties are currently engaged in settlement negotiations, and Plaintiff is amenable to mediation and/or a settlement conference in the event these negotiations are unsuccessful.

> 5.  The need to adopt special procedures for managing potentially difficult or complex issues.

Plaintiff does not believe any special procedures are necessary at this time.

**III.  Suggestions to Facilitate a Just, Speedy, and Inexpensive Disposition of This Matter.**

Plaintiff believes that, at this time, the discovery plan is an adequate plan for the quick and fair resolution of the dispute between the parties.

    Respectfully Submitted,

JAMES M. BOLUS, JR.
600 West Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
(502) 584-1212 – Facsimile
bo@boluslaw.com

A. NICHOLAS NAISER
600 West Main Street, Suite 500
Louisville, Kentucky 40202
(502) 882-5183
(502) 584-1212 – Facsimile
nick@boluslaw.com

/s/ A. Nicholas Naiser

### CERTIFICATE OF SERVICE

This will certify that on July 6, 2011, I electronically filed the foregoing **PLAINTIFF'S SCHEDULING CONFERENCE STATEMENT** with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Kenyon Meyer
DINSMORE & SHOHL
101 S. Fifth Street, Suite 2500
Louisville, Kentucky 40202
kenyon.meyer@dinslaw.com
*Counsel for Defendant*

/s/ A. Nicholas Naiser
A. Nicholas Naiser